(120 App. Div. 501)

### ROMAINE v. VILLAGE OF SPRING VALLEY (two cases).

(Supreme Court, Appellate Division, Second Department.   June 14, 1907.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—ACTIONS—EVIDENCE.
    In an action for personal injuries caused by a defective sidewalk, evidence examined, and *held* sufficient to sustain a verdict for the plaintiff.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
    After judgment for plaintiff in an action for personal injuries caused by a hole in a sidewalk, the plaintiff and his chief witness were prosecuted for swearing falsely as to the existence of the hole.   The plaintiff· was acquitted, and the witness confessed his guilt.   A motion was made by defendant for a new trial on the ground of newly discovered evidence based upon the confession.   *Held*, that the court acted within its discretion in refusing a new trial, inasmuch as, since· two juries had found· that the hole existed, it was unlikely that the newly discovered evidence would change the result.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 226.]

Appeal from Special Term, Rockland County.

Action by James A. Romaine against the village of Spring Valley. From a judgment for the plaintiff and from orders denying motions for a new trial, defendant prosecutes two appeals.   Affirmed.

In the first of these appeals the defendant seeks to reverse a judgment and an order denying a motion for a new trial, principally upon the ground that the verdict was against the weight of evidence.   In the second appeal it seeks to reverse an order, denying its motion for a new trial, on the ground of newly discovered evidence.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

P. Van Alstine (D. P. Hall, on the brief), for appellant.

E. T. Lovatt, for respondent.·

HOOKER, J.   I do not think the first appeal should prevail, but that the judgment and order should be affirmed.   Late in the evening of November 27, 1904, the plaintiff, a man between 65 and 70 years old, was returning to his home, walking in the roadway.   Hearing· or seeing teams, he suggested to his companion, the woman with whom he boarded, that they had better go upon the sidewalk.   He did so at once, and almost immediately fell.   He testified that he stepped into a hole directly in the sidewalk, about two feet across and a foot and a half deep, which had evidently been caused by a washout.   He knew the exact hole was there eight months previous, but he supposed, of course, it had been fixed.   He said the sides of the hole were slanting, and that there was some ice.   The defendant· seeks to make out that the ac-

cident was caused by his slipping on the ice, and that it is not liable. If the plaintiff's evidence is correct about the size and shape of this hole, the hole, and not the ice, was the proximate cause of his injury. He was corroborated as to the location and size of the hole by the witness Way, and corroborated as to the fact that there was a hole there by his companion and the witness Johnson. There was some corroboration of his theory in the cross-examination of the witness Seaman, called by the defendant, one of the trustees of the village, where that witness testifies that there was at the time of the trial a well-defined spot right where the plaintiff fell, which was filled in with a quantity of stone and earth, and that the stone is now projecting two or three inches above the ground. There is also some corroboration of the plaintiff's story in the minutes of the trustees of the village. The trouble with the minutes is that they are somewhat indefinite as to the exact condition which needed repairing. These were resolutions directing that notice be sent to the owner of the premises in front of which plaintiff met his accident, requiring her "to repair the sidewalk between her property occupied by Louis Snyder and the Main St. Bridge." I do not think, however, that there was any error in the admission of these resolutions (although their probative force was not as great as could have been desired), for the reason that the plaintiff and the witness Way testified that the hole had been in the same condition for eight months or more. The defendant swore nine witnesses, as I count them, who testified with more or less assurance that there was no hole in the sidewalk where the plaintiff was injured at the time in question. Some of these witnesses were interested as officers or trustees of the village, or related to such officials. Others were apparently disinterested. On this record I feel very certain that it is our duty to allow the verdict to stand.

The other record presents a rather unusual state of facts. After the trial the plaintiff and his main witness, Way, were indicted for perjury on account of their testimony as to the presence of this hole. They both pleaded not guilty. At the next term of court Way withdrew his plea, and pleaded guilty. The plaintiff stood trial, and was acquitted. A few days after the plaintiff's acquittal, sentence on Way was suspended. A couple of months after that the defendant made a motion, which was argued before the same judge who tried the case, for a new trial on the ground of newly discovered evidence. The motion was based upon the confession of Way, and the affidavits of something like 20 new witnesses, who deposed that there was no hole in the sidewalk at the place where plaintiff was injured at that time. As far as the evidence of these 20 affiants as to the absence of the hole is concerned, it must stand to reason that their evidence could with reasonable diligence have been procured before the trial. Otherwise as to Way's confession. But what stands out strongly and singularly in this case is the fact that although practically all of the witnesses who were sworn on the civil trial, and all of the affiants whose affidavits are annexed to the motion papers were examined on behalf of the people in the criminal trial, yet the plaintiff was acquitted. There have been what might almost be called two adjudications upon the facts, by juries, that the hole existed, and it does

105 N.Y.S.—17

not seem to me as though, if the proof newly discovered were presented to another jury, the result would likely be changed.

The judgment and both orders should be affirmed, with costs. All concur.